## PEOPLE v HILBER

1. DRUGS AND NARCOTICS—MARIJUANA—EVIDENCE—MIRANDA RIGHTS.

   Evidence indicating that a defendant was in possession of marijuana was properly ordered suppressed where the discovery of the evidence was a product of questioning the defendant without advising him of his *Miranda* rights.

2. SEARCHES AND SEIZURES—SEARCH WITHOUT A WARRANT—AUTOMOBILES—MARIJUANA—ODOR OF MARIJUANA.

   The strong odor of marijuana alone does not justify the search of a vehicle without a warrant.

3. DRUGS AND NARCOTICS—MARIJUANA—AUTOMOBILES—ARREST—PROBABLE CAUSE.

   The distinctive odor of burning marijuana in an occupied automobile is sufficient probable cause for officers to effectuate an arrest because a crime is being committed in their presence and the evidence is disappearing.

4. SEARCHES AND SEIZURES—SEARCH WITHOUT A WARRANT—REASONABLENESS—CONSTITUTIONAL LAW.

   A search and seizure without a warrant is unreasonable per se and violates the Federal and state constitutions, unless it is shown to fall within one of the recognized exceptions to the warrant requirement (US Const, Am IV; Const 1963, art 1, § 11).

5. SEARCHES AND SEIZURES—AUTOMOBILES—WARRANTS—PROBABLE CAUSE.

   There is no automobile exception per se to the requirement of a warrant for searches and seizures, but rather an exception that

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 555–557.

   Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.

[2, 3, 5] 6 Am Jur 2d, Arrest §§ 24, 32.

   68 Am Jur 2d, Searches and Seizures §§ 41–45.

[4] 68 Am Jur 2d, Searches and Seizures §§ 4–6.

allows searches without a warrant of moving vehicles based upon probable cause.

Appeal from Delta, Clair J. Hoehn, J. Submitted June 10, 1976, at Grand Rapids. (Docket Nos. 26961, 26962.) Decided June 24, 1976. Leave to appeal applied for.

Jeffrey L. Hilber was convicted of possession of amphetamines and possession of marijuana with intent to deliver. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Tony I. Marcinkewciz,* Prosecuting Attorney, (Prosecuting Attorneys Appellate Service, by *Keith D. Roberts,* Assistant Attorney General, of counsel), for the people.

*Nino E. Green* (by *James A. Rademacher),* for defendant.

Before: R. B. Burns, P. J., and M. J. Kelly and S. S. Hughes,* JJ.

R. B. Burns, P. J. Defendant appeals his conviction for possession of amphetamines, MCLA 335.341(4)(b); MSA 18.1070(41)(4)(b), and possession of marijuana with intent to deliver, MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c).

On April 19, 1975, defendant was stopped for speeding by Troopers Olson and Lahti of the Michigan State Police. Trooper Olson approached the vehicle to advise the defendant that he was speeding and to ask for his driver's license and registration. Trooper Olson testified that, while talking to the defendant, he detected the "distinct odor" of burned marijuana and asked defendant to exit the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

car. He then asked defendant if he had any more marijuana in the car, in response to which the defendant grabbed a package of Marlboro cigarettes from the dashboard and handed them to the officer. The package was revealed to contain four hand-rolled cigarettes, and defendant was escorted by Trooper Lahti to the patrol car and informed that he was under arrest.

Trooper Olson proceeded to search the car. In a leather jacket lying on the front passenger seat he found a plastic bag and a plastic vial containing pills, a small homemade pipe and some address books. He then searched the back part of the car, finding, behind the passenger seat, a brown paper bag containing what was later determined to be approximately five pounds of marijuana.

Defendant brought a motion to suppress all of the seized evidence. The circuit judge ruled to suppress the admission of the Marlboro package containing marijuana as a product of improper questioning of defendant without advisement as to *Miranda* rights. We agree with this ruling. The circuit judge found, however, that on the authority of *People v Parisi,* 46 Mich App 322; 208 NW2d 70 (1973), "the strong odor of marijuana justifies probable cause for a search of the vehicle". With this ruling we disagree.

*Parisi* does not so hold. Rather, the case stands for the proposition that the distinctive odor of burning marijuana in an automobile would be sufficient probable cause to allow the officers to effectuate *an arrest* as a crime was being committed in their presence and the evidence was disappearing. *Parisi* imposes no qualifications upon the law of search and seizure.

A warrantless search and seizure is unreasonable per se and violates the Fourth Amendment of

the United States Constitution and 1963 Const, art 1, § 11, unless it is shown to fall within one of the recognized exceptions to the warrant requirement. *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971), *People v Chism,* 390 Mich 104, 122–123; 211 NW2d 193, 201 (1973). In *People v White,* 392 Mich 404, 414–415; 221 NW2d 357, 361 (1974), our Supreme Court recited the recognition of *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970), that "there [is] not an 'automobile exception' per se but rather an exception that allow[s] for warrantless searches of moving vehicles based on probable cause".

The search of defendant's vehicle and the seizure of the discovered contraband were illegal. The circuit judge should have suppressed this evidence, and, having suppressed the Marlboro package, could rightly have done so on the authority of *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963). Defendant's conviction is reversed and defendant is discharged.