## PEOPLE v HILBER

Docket Nos. 58883, 58884. Argued December 6, 1977 (Calendar No. 2).
—Decided August 30, 1978. Rehearing denied *post,* p 957.

Jeffrey L. Hilber was convicted in Delta Circuit Court, Clair J. Hoehn, J., of possession of amphetamines and possession of marijuana with intent to deliver. The defendant, who had been stopped for speeding by the state police and was arrested when the officers found the drugs in his automobile, moved to suppress the evidence seized in the search. The trial court found that the "strong odor of marijuana" emanating from the automobile when the officers asked the defendant for his driver's license and registration provided probable cause for the search. The Court of Appeals, R. B. Burns, P.J., and M. J. Kelly and S. S. Hughes, JJ., decided that the evidence should have been suppressed and reversed the defendant's convictions (Docket Nos. 26961, 26962). The people appeal. *Held:*

The reversal of the defendant's conviction by the Court of Appeals is affirmed. Justice Levin, joined by Chief Justice Kavanagh, would hold that there was not probable cause to search the automobile. Justice Blair Moody, Jr., joined by Justice Fitzgerald, would hold that the search of the automobile and seizure of controlled substances were the fruit of an initial illegal seizure of marijuana cigarettes, so that the probable cause analysis is not required. Justice Williams, joined by Justices Coleman and Ryan, dissented.

Justice Levin wrote:

1. "Probable cause" has been restated as "reasonable cause".

REFERENCES FOR POINTS IN HEADNOTES

[1-6, 11-13] 68 Am Jur 2d, Searches and Seizures §§ 41-45.

[3] 68 Am Jur 2d, Searches and Seizures §§ 36, 57.

[7] 29 Am Jur 2d, Evidence §§ 415, 425-427.

"Fruit of poisonous tree" comment note on doctrine excluding evidence derived from information gained in illegal search, 43 ALR3d 385.

[8, 9, 12, 13] 68 Am Jur 2d, Searches and Seizures §§ 16, 45.

Validity, under Federal Constitution, of warrantless search of automobile—Supreme Court cases. 26 L Ed 2d 893.

[10] 68 Am Jur 2d, Searches and Seizures §§ 67-70.

Reasonable cause is cause based on reason deemed adequate. The adequacy of the cause and reason depends on a balancing of the needs of law enforcement and of the individual's right to be protected against undue invasion of reasonable expectations of privacy and on an appraisal of how a prudent person would view the circumstances. The inquiry is not subjective, into the officer's good faith, but, rather, objective, measured by a standard of adequacy determined by the court. The people have the burden of proof on the probable cause issue.

2. The people contend that the odor of burned marijuana provided reasonable cause to believe that the defendant had smoked the marijuana that caused the odor and that there was unsmoked marijuana in the automobile. The odor of burned marijuana indicates only that at some time in the past marijuana was present and burned. The people rely on multiple inferences: an inference that, where there is an odor of burned marijuana in an automobile, a sole occupant smoked the marijuana, and an inference that a marijuana smoker carries a supply. Because most or all judges have no firsthand experience with marijuana, there may be a tendency to appraise the reasonableness of those inferences based on knowledge of the habits of tobacco smokers—still another inference in this chain of inferences.

3. Even if it is reasonable to infer that a tobacco odor in an automobile was caused by the driver/owner/sole occupant, although tobacco odor and other odors (e.g., beer and alcohol) are commonly caused by someone not the driver or other occupant at the time the odor is detected, it may be unsound to assume that marijuana smokers have the same smoking habits as tobacco smokers and therefore it may be unsound to appraise evidence relating to the conduct of marijuana smokers by standards of reference inferred from the habits of tobacco smokers. Because of the multiple inferences involved and the uncertainty of the analogy to tobacco smokers, no other basis having been proffered, it has not been made to appear that it is reasonable to infer solely from a residual odor of marijuana that the driver/sole occupant smoked marijuana. Furthermore, it has not been shown that it is reasonable to expect to find unsmoked marijuana in an automobile apart from its occupancy by the marijuana user.

4. Testimony of the officer's sensory perceptions is clearly admissible. It is, however, beyond ordinary experience to be able to determine with reasonable accuracy the length of time a persistent odor has lingered. The officer acknowledged that he had no special training, and the record does not indicate that

he had any experience, which would enable him accurately to determine whether the marijuana was burned during the time when the defendant was in the car alone. Therefore, the people did not discharge their burden of establishing the reasonableness of the officer's conclusion that it was the defendant who smoked the marijuana.

Justice Blair Moody, Jr., concurring, agreed that whether the odor of burned marijuana *alone* provides probable cause for an arrest or search ultimately depends on the circumstances of each case. In the instant case, however, the odor *alone* did not prompt the search of the automobile. The initial seizure of marijuana cigarettes and arrest played a significant role in the decision to search the car. None of the parties seriously contends that the seizure of the cigarette package containing the four hand-rolled marijuana cigarettes was legal. Therefore, the subsequent search of defendant's automobile and the seizure of the additional controlled substances was also illegal. The trial judge should have suppressed this evidence as a fruit of the poisonous tree.

Justice Williams, dissenting, would find that the evidence was admissible, reinstate the defendant's conviction and remand to the Court of Appeals for consideration of other issues raised in but not addressed by that Court.

1. In the instant case the "automobile exception" to the presumption that searches without a warrant are unreasonable supplies the applicable standards. Fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved than if a house or a home were involved. A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search are conducted by the police.

2. If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, such a basis might very well be found to be evidence of a most persuasive character for the issuance of a search warrant, which is a more difficult standard to meet than the standard of reasonableness generally required in automobile cases.

3. There is no basis in this case for drawing a distinction among the odors of unburned, burning, and burned marijuana. In many of the reported cases involving searches based upon perception by police of the odor of marijuana the language employed by the courts does not distinguish the type of marijuana odor which police smelled; it can only be inferred by the

kind of marijuana (unburned, burning, or burned) which was found in the search. This Court is not in a position to take judicial notice of the different lengths of time the differing odors linger in a closed automobile. The factual conflict was resolved by the finding of the trial court that the search was supported by reasonable cause. That conclusion is not contrary to the evidence before the Court.

4. All that is required to satisfy the "automobile exception" to the constitutional prohibitions against unreasonable search and seizure is a reasonable belief that there is cause to search for controlled substances. The officers in the instant case detected a strong odor of marijuana and reasonably believed that marijuana was present, and their belief was ultimately demonstrated to be well founded. They relied on their training and experience, and, under these circumstances, violated no constitutional right in the search of the automobile.

The decision of the Court of Appeals is affirmed.

69 Mich App 664; 245 NW2d 156 (1976) affirmed.

OPINION BY LEVIN, J.

1. SEARCHES AND SEIZURES — PROBABLE CAUSE — WORDS AND PHRASES.

*The adequacy of the "probable cause" for conducting a search without a warrant depends upon a balancing of the needs of law enforcement and of the individual's right to be protected against undue invasion of reasonable expectations of privacy and on an appraisal of how a prudent person would view the factual circumstances; the inquiry is not subjective, into the police officer's good faith, but, rather, objective, measured by a standard of adequacy determined by the court (US Const, Am IV; Const 1963, art 1, § 11).*

2. SEARCHES AND SEIZURES — DRUGS AND NARCOTICS — MARIJUANA — ODOR — PROBABLE CAUSE.

*The odor of burned marijuana, in some circumstances, may provide reason to believe that a particular person smoked it (probable cause for arrest) or that there is a quantity of unsmoked marijuana (probable cause for a search), but the record must show other facts to support the conclusion.*

3. SEARCHES AND SEIZURES — DRUGS AND NARCOTICS — MARIJUANA — ODOR — INFERENCES — PROBABLE CAUSE.

*An inference that the sole occupant of an automobile has smoked marijuana drawn solely from a residual odor of burned marijuana in the automobile when it is stopped has not been shown*

*to be reasonable where the only support for it is an uncertain analogy to the habits of tobacco smokers; the odor of burned marijuana indicates only that at some time in the past marijuana was present and was burned.*

4. SEARCHES AND SEIZURES — DRUGS AND NARCOTICS — MARIJUANA — ODOR — PROBABLE CAUSE.

*It is beyond ordinary experience to be able to determine with reasonable accuracy the length of time a persistent odor has lingered; therefore the people did not discharge their burden of establishing the reasonableness of a police officer's conclusion based only on an odor of burned marijuana in an automobile that a defendant, who was alone in the automobile when stopped by police, had smoked the marijuana in the automobile where the officer was not shown to have special training or experience regarding residual marijuana odor (US Const, Am IV; Const 1963, art 1, § 11).*

5. SEARCHES AND SEIZURES — DRUGS AND NARCOTICS — MARIJUANA — ODOR — PROBABLE CAUSE.

*The odor of burned marijuana does not provide probable cause for a search of an automobile for a supply of marijuana separate and apart from a search of the smoker and of the automobile he is occupying or has just occupied following his reasonable identification as the smoker (US Const, Am IV; Const 1963, art 1, § 11).*

OPINION BY BLAIR MOODY, JR., J.

6. SEARCHES AND SEIZURES — DRUGS AND NARCOTICS — MARIJUANA — ODOR — PROBABLE CAUSE.

*Whether the odor of burned marijuana alone provides probable cause for an arrest or search ultimately depends upon the circumstances of each case (US Const, Am IV; Const 1963, art 1, § 11).*

7. SEARCHES AND SEIZURES — DRUGS AND NARCOTICS — MARIJUANA — ODOR — PROBABLE CAUSE.

*Marijuana and amphetamines seized by police from an automobile should have been suppressed as fruits of the poisonous tree where the decision to search the automobile was based in significant part on an initial seizure of marijuana cigarettes which none of the parties seriously contends was legal and the officer's initial inquiry may have been based in part on his detection of the odor of burned marijuana (US Const, Am IV; Const 1963, art 1, § 11).*

DISSENTING OPINION BY WILLIAMS, J.

8. SEARCHES AND SEIZURES — AUTOMOBILES — REASONABLENESS.

*Fewer foundation facts are necessary to support a finding of reasonableness of a search and seizure when a moving vehicle is involved than if a house or a home were involved (US Const, Am IV; Const 1963, art 1, § 11).*

9. SEARCHES AND SEIZURES — AUTOMOBILES — REASONABLENESS.

*A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search are conducted by the police (US Const, Am IV; Const 1963, art 1, § 11).*

10. SEARCHES AND SEIZURES — DRUGS AND NARCOTICS — ODOR — PROBABLE CAUSE.

*Testimony before a magistrate of the presence of odors of a forbidden substance by an affiant the magistrate finds qualified to know the odor might very well be found to be evidence of a most persuasive character for the issuance of a search warrant where the odor is sufficiently distinctive to identify the forbidden substance (US Const, Am IV; Const 1963, art 1, § 11).*

11. SEARCHES AND SEIZURES — DRUGS AND NARCOTICS — MARIJUANA — ODOR — PROBABLE CAUSE.

*There is no basis either in case law of within judicial notice for drawing a distinction among the odors of unburned, burning, and burned marijuana for purposes of establishing probable cause to search an automobile; the language employed by courts generally makes no distinction as to the classification of marijuana odor involved in the cases except what can be inferred from the kind of marijuana (unburned, burning, or burned) which was subsequently found during the searches and the Court is not in a position to take judicial notice of the lengths of time certain odors may linger in a closed area (Us Const, Am IV; Const 1963, art 1, § 11).*

12. SEARCHES AND SEIZURES — DRUGS AND NARCOTICS — MARIJUANA — ODOR — PROBABLE CAUSE.

*The strong odor of marijuana in an automobile, detected by a police officer trained in olfactory detection of marijuana, provided reasonable cause to believe that marijuana was present in the automobile and that the search of the automobile was justified (US Const, Am IV; Const 1963, art 1, § 11).*

13. Searches and Seizures — Drugs and Narcotics — Automobiles — Probable Cause.

*All that is required to satisfy the "automobile exception" to the constitutional prohibition against unreasonable search and seizure is a reasonable belief that there is cause to search for controlled substances (US Const, Am IV; Const 1963, art 1, § 11).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert Goebel,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, for the people.

*Green, Renner, Weisse, Rettig, Rademacher & Clark* for defendant.

Levin, J. Jeffrey Lee Hilber was convicted of possession of amphetamines[1] and possession of marijuana with intent to deliver.[2]

The contraband was seized following a warrantless search of an automobile Hilber had been driving.

The circuit judge found that "the strong odor of marijuana" emanating from the automobile provided probable cause for the search. The Court of Appeals suppressed the seized evidence and reversed the conviction. We affirm its decision.

The questions are

i) whether there was probable cause to search the automobile for marijuana and

ii) if so, whether a warrantless search was justified.[3]

---

[1] MCL 335.341(4)(b); MSA 18.1070(41)(4)(b).

[2] MCL 335.341(1)(c); MSA 18.1070(41)(1)(c).

[3] Hilber was under arrest at the time of the search and could not destroy evidence or move the automobile.

In *Chambers v Maroney,* 399 US 42, 52; 90 S Ct 1975; 26 L Ed 2d 419 (1970), there had been an armed robbery. The defendants' automobile was stopped on a radioed description of the robbers. The defendants were arrested and the automobile was driven to the police

Our disposition makes it unnecessary to reach the second question.

## I

On April 19, 1975 Hilber was stopped for speeding by the state police. Two officers approached the automobile. Trooper Olson asked Hilber for his driver's license and registration. Olson smelled an odor of burned marijuana. After receiving and examining the license and registration, he asked Hilber if he had marijuana in the automobile. Hilber took a cigarette package from the dashboard, got out of the automobile and handed it to Olson. The package contained four hand-rolled cigarettes that appeared to Olson, based on his training and experience, to be marijuana cigarettes.

Trooper Lahde escorted Hilber to the scout car, and arrested him. Olson searched the automobile and found marijuana paraphernalia and the amphetamines in a jacket lying on the front passenger seat. He also found a plastic container containing marijuana cigarette butts and a paper bag containing about five pounds of marijuana.

station and there searched. The Court declared that while the search could not be justified as an incident of the arrest, the circumstances furnishing probable cause for the arrest also furnished probable cause for a search of the automobile, and that there was probable cause to search the automobile for guns and money. The Court further reasoned that a warrantless search at the police station was justified because the car "could have been searched on the spot when it was stopped since there was probable cause to search and it was a fleeting target for a search".

The people contend that this is the "on the spot" search impliedly approved in *Chambers.*

Hilber relies on *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971), and *People v White,* 392 Mich 404; 221 NW2d 357 (1974). In those cases, however, the defendant was arrested at his residence and not after his automobile had been stopped. He had not been driving his automobile; it had been parked a considerable period of time before the arrest.

Hilber moved to suppress the evidence seized in the search. The circuit judge suppressed the marijuana cigarettes because he found a violation of *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966), but further found that the odor of marijuana justified the search of the automobile and denied the motion to suppress the other evidence that had been seized.

Hilber's appeal to the Court of Appeals raised six issues. The Court of Appeals, addressing only one issue, agreed that the marijuana cigarettes had been properly suppressed, but disagreed with the judge's ruling that the search was justified, and reversed Hilber's conviction.

The people do not challenge the suppression of the marijuana cigarettes, and do not claim that the cigarettes justified the search. Nor do they claim that the search was an incident of Hilber's arrest.[4]

The people contend, rather, that the odor of burned marijuana provided reasonable cause to believe that Hilber had smoked the marijuana that caused the odor and that there was unsmoked marijuana in the automobile.

Hilber contends that, while the odor of *burning* marijuana indicates the presence of marijuana, the odor of *burned* marijuana indicates only the presence of marijuana in the past and does not alone establish probable cause.

## II

Cases in other jurisdictions[5] where the officer

---

[4] See *Chambers v Maroney, supra,* p 47.

[5] See, *e.g., United States v Barnard,* 553 F2d 389 (CA 5, 1977); *United States v Andrade,* 545 F2d 1032 (CA 5, 1977); *United States v Stricklin,* 534 F2d 1386 (CA 10, 1976); *State v Houlf,* 27 Ariz App 633; 557 P2d 565 (1976); *People v Maier,* 366 NYS2d 660; 47 App Div 2d

smelled unburned marijuana and upon a search discovered a large quantity are not in point. The odor of *unburned* marijuana indicates the actual presence of marijuana; the odor of *burned* marijuana indicates only that at some time in the past marijuana was present and burned.

In still other cases, however, courts have held that the odor of burned marijuana may provide probable cause for an arrest or search.[6] We share the view that the odor of burned marijuana, in some circumstances, may provide reason to believe that a particular person smoked it (probable cause for arrest) or that there is a quantity of unsmoked marijuana (probable cause to search for it). In this case, however, the record supports neither conclusion.

Olson testified that he smelled "a distinct, strong odor of marijuana coming from the car",[7] and that

344 (1975); *Commonwealth v Stoner,* 236 Pa Super 161; 344 A2d 633 (1975).

[6] Generally, there were factors in addition to the odor of burned marijuana which, in combination, were held to constitute probable cause. See, *e.g., Wimberly v Superior Court of San Bernardino County,* 16 Cal 3d 557; 128 Cal Rptr 641; 547 P2d 417 (1976) (the officers observed the defendant driving erratically and after stopping him detected an odor of burned marijuana and saw a pipe and seeds believed to be marijuana seeds lying by the defendant's feet); *Gray v State,* 561 P2d 83 (Okla Crim App, 1977) (unclear whether the odor was of burned or unburned marijuana; in addition to odor, the officers observed a hand-rolled cigarette in plain view in the automobile ashtray and described the occupants as appearing to be under the influence of marijuana); *State v Wicklund,* 295 Minn 403; 205 NW2d 509 (1973) (odor of burned marijuana along with furtive movement furnished probable cause); *Ford v State,* 37 Md App 373; 377 A2d 577 (1977) (the odor was coming from the clothes of defendant as well as the automobile).

See, also, *State v Hughes,* 544 SW2d 99 (Tenn, 1976) (there were no other factors; it is unclear, however, whether the officers detected burned, burning or unburned marijuana; upon search they found 22 pounds of unburned marijuana).

See, also, *State v Compton,* 13 Wash App 863; 538 P2d 861 (1975), and *People v Laird,* 11 Ill App 3d 414; 296 NE2d 864 (1973) (unclear, in both cases, whether officers detected odor of burned or unburned marijuana).

in his opinion the marijuana had been smoked "quite recently". When asked whether "it could have been burned a day ago" and "be in the seats, in the fabric itself?" he responded: "It could be, but it was stronger".

Olson had attended lectures on narcotics "at which time they burned marijuana". He had an opportunity to smell its "distinct odor all of its own". He acknowledged, however, that he had not been trained in determining the length of time a residual marijuana odor has lingered:

"*Q*. * * * In your training, you—the only marijuana that you smelled was that burning directly in the room, is that correct? No residual odor of something that had been burnt prior?

"*A*. That's correct.

* * *

"*Q*. Did you have any training for that?

"*A*. No, sir.

"*Q*. As to how recently it had been burned?

"*A*. No, sir."

Hilber did not appear to Olson to be under the influence of marijuana.[8]

## III

"Probable cause" has been restated as "reasonable cause". Reasonable cause is cause based on reason deemed adequate. The adequacy of the cause and reason depends on a balancing of the needs of law enforcement and of the individual's right to be protected against undue invasion of

[7] Officer Lahde did not testify at the preliminary examination upon which record the suppression motion was decided.

[8] Olson was asked whether Hilber appeared to be under the influence of marijuana. The tendency of his testimony was that he could not say that he was.

reasonable expectations of privacy and on an appraisal of how a prudent person would view the factual circumstances.

The inquiry is not subjective, into the officer's good faith, but, rather, objective, measured by a standard determined by the court based on its balancing of all the factors and its appraisal of how a prudent person would view the factual circumstances.

The people have the burden of proof on the probable cause issue.[9]

In contending that it was proper to conclude, from the odor of burned marijuana alone, that Hilber smoked the marijuana and that there was unsmoked marijuana in the automobile the people rely on multiple inferences:

—an inference that, where there is an odor of burned marijuana in an automobile, a driver/sole occupant smoked the marijuana, and

—an inference that a marijuana smoker carries a supply.

Because most or all of us have no first-hand experience with marijuana, there may be a tendency to appraise the reasonableness of those inferences based on our knowledge of the habits of tobacco smokers—still another inference in this chain of inferences.

Even if it is reasonable to infer that a tobacco odor in an automobile was caused by the driver/owner/sole occupant, although tobacco odor and other odors (e.g., beer and alcohol) are commonly caused by someone not the driver or other occupant at the time the odor is detected,[10] it may be

---

[9] People v White, 392 Mich 404, 410; 221 NW2d 357 (1974).

[10] The automobiles of non-smoking drivers frequently have a "strong" cigar or cigarette odor—or so it may seem to non-smokers—caused by passengers who smoke.

unsound to assume that marijuana smokers have the same smoking habits as tobacco smokers and therefore it may be unsound to appraise evidence relating to the conduct of marijuana smokers by standards of reference inferred from the habits of tobacco smokers:

—Marijuana, because it is a prohibited substance, is less available and more costly than tobacco. A marijuana smoker may therefore be less likely to have a supply of unsmoked marijuana and more likely to have run out than a tobacco smoker.

—Marijuana, like alcohol, dulls the senses. While persons who drink drive, generally they do not drink while driving. It may easily be that marijuana smokers do not generally smoke marijuana while driving even if passengers are smoking marijuana. If that be the case, an inference that a marijuana odor was caused by the driver, rather than some other occupant no longer in the automobile,[11] may not be reasonable.

We conclude, because of the multiple inferences involved and the uncertainty of the analogy to tobacco smokers, no other basis having been proffered, that it has not been made to appear that it is reasonable to infer that the driver/sole occupant smoked marijuana solely from a residual odor of marijuana.

## IV

The people rely, in addition to the multiple inferences, on Olson's testimony that the odor was "strong" and "quite recent" as other evidence that

---

[11] It is because of the mobility of automobiles and the ease with which persons enter and leave them that warrantless searches of automobiles are allowed in circumstances where, if an automobile were not involved, a warrantless search would not be permitted.

Hilber was the person who smoked the marijuana and that there was a supply of unburned marijuana in the automobile.

Testimony of Olson's sensory perceptions is clearly admissible. Most often sensory perception testimony relates to visual and auditory perceptions. In contrast with sight and hearing, however, for which persons are tested and provided correctional aids, there is no standard or norm for the sense of smell. Additionally, again in contrast with sight and hearing, the sense of smell adapts to odors with the result that one person's perception may differ significantly from another's.

Most persons recognize the odors of intoxicating liquor, beer and tobacco without special training. Many recognize the odors of burning and unburned marijuana. It is also commonplace to recognize the residual odors of spilled beverages and burned tobacco and perhaps even burned marijuana. It is, however, beyond ordinary experience to be able to determine with reasonable accuracy the length of time a persistent odor has lingered.

A persistent automobile odor may be strong and appear to be recent although it has lingered for hours, days or even longer. (Where, for example, beer has been spilled or a large number of cigars have been smoked in an automobile there will be a strong odor even though no beer or cigars have been consumed for a considerable time.)

Evidence of a person's past use of marijuana would not alone furnish probable cause to stop him on the street and search him for marijuana. Nor would it alone justify issuance of a warrant to search him, his residence or automobile for marijuana. It would, additionally, be necessary to establish when in the past the marijuana was used in relation to the time it is sought to conduct the

search.[12] Similarly, it is not reasonable to infer present use of marijuana, or to conduct a search for it, on the basis of past use of marijuana evidenced solely by a residual odor of marijuana in an automobile occupied by the defendant, absent determination with reasonable accuracy of the time frame of use in relation to defendant's occupancy.

Since an occupant of an automobile cannot be arrested simply because there is an odor of burned marijuana, and probable cause depends on other circumstances indicating that he is the smoker, the officer's opinion regarding the length of time the odor has been present should be an informed opinion.[13]

## V

Olson's statements that the odor was stronger than a day old, and that it was "strong" and "quite recent", are indefinite and indeterminate of the length of time the odor lingered.

Officers may rely on their special training or experience, but Olson acknowledged that he had no training, and the record does not indicate that he had any experience, which would enable him

[12] The inference of present possession from *known* past use is more direct and trustworthy than where, as here, past use is itself an inference from an odor.

[13] If an officer has been trained, or otherwise has become experienced, in determining the length of time marijuana odor has been present, and is able to state on the basis of such training or experience that the strength of the odor indicates a particular time frame and that his observation of the automobile in that time frame or other circumstances are such as to justify the conclusion that the occupant was the person who smoked the marijuana, a conclusion that the occupant was the smoker would be reasonable.

The reasonableness of such a conclusion might also be established by other evidence, *e.g.,* smoke or smoking paraphernalia in plain view which is still warm from use.

.

accurately to determine whether the marijuana
was burned within a relevant time frame.[14]

Because Olson was without training and, so far as
the record shows, without experience regarding resi-
dual marijuana odor, the judge had no basis for deter-
mining the reliability of his statements that the odor
was strong and quite recent. And because of Olson's
indefinite and indeterminate terminology, the judge
had no basis for determining the time frame in which
the marijuana was burned.

The officers observed Hilber's automobile for
only a few minutes before stopping it.[15]

No circumstance, other than the odor, is relied
on as supportive of a finding of probable cause.

We conclude that the people did not discharge
their burden of establishing the reasonableness of
Olson's conclusion that it was Hilber who smoked
the marijuana in the automobile.[16]

---

[14] The Montana Supreme Court found that police officers did not
have probable cause to search an automobile although they detected a
strong odor of marijuana. The court declared:

"Additional case authority cited by the State involves warrantless
searches conducted after investigatory officials under different circum-
stances detected the odor of presently burning marijuana. Here,
Officer LaBane testified at the suppression hearing: 'I asked for Mr.
Schultz's driver's license and at the same time I smelled a strong odor
of marijuana in the car along with that of some incense or something,
and * * *.' *Officer LaBane further testified that although marijuana
has a very distinctive odor, he could not determine whether defend-
ants were smoking marijuana when the police officers came upon
them or whether marijuana had been smoked in the automobile
within the previous hour or more. Officer LaBane did agree that the
mere odor of marijuana might linger in an automobile for more than
a day* [emphasis in original].

"* * * We do not deny police officers the right to rely on their
sense of smell to confirm their observations. However, to hold that an
odor alone, absent evidence of visible contents, is deemed equivalent
to plain view might very easily mislead officers into fruitless invasions
of privacy where there is no contraband." *State v Schoendaller*, —
Mont —, —; 578 P2d 730, 733-734 (1978).

[15] The automobile had Wisconsin license plates and was registered
to Hilber's brother. It was stopped approximately 90 miles from the
Wisconsin border. The record does not indicate how long Hilber had
been traveling east on US 2 or whether he had made a direct trip
from Wisconsin.

## VI

Even if it is reasonable to believe that a marijuana smoker would have in his possession or in his automobile a supply of unsmoked marijuana, since in this case it was not reasonable to conclude that Hilber was the smoker, Olson was not justified in searching the automobile on an assumption that any additional supply a smoker would carry would be found on Hilber or in the automobile.[17]

While some tobacco smokers leave their supply in an automobile and so may marijuana smokers,[18]

---

[16] It appears that under the statute an officer may arrest for possession of marijuana although the offense is not committed in his presence. The Controlled Substances Act provides:

"Any sheriff, deputy sheriff, local or state police officer, if he has reasonable cause to believe that a violation of this act punishable by imprisonment for 1 year or more *has taken place* or is taking place and reasonable cause to believe that a person has committed or is committing the violation, may arrest that person without a warrant for that violation *irrespective of whether the violation was committed in his presence.*" MCL 335.351(1); MSA 18.1070(51)(1) (emphasis supplied).

Possession of marijuana is a misdemeanor punishable by imprisonment in the county jail for not more than one year. MCL 335.341(4)(d); MSA 18.1070(41)(4)(d).

The marijuana odor indicated that the offense of possession of marijuana "ha[d] taken place". Because of the uncertainty of the time frame in which the marijuana was smoked and the proximity to the Wisconsin border, it is unclear whether the marijuana was smoked in Michigan or Wisconsin and therefore whether the possession offense thereby indicated was committed in this state. Hilber's convictions do not depend on possession of the marijuana that was smoked.

[17] In this case there was a supply, four marijuana cigarettes in a package, which tends only to show that this user had a supply and not whether it is reasonable to expect from a residual odor that there is a supply. Additionally, there were five pounds in a paper bag and eight butts in a plastic container, but that, again, does not tend to show that from the odor of burned marijuana it is reasonable to expect to find butts or unrolled marijuana in small or large quantity, only that this user had such a supply.

[18] Officer Olson testified that he had arrested five persons because he smelled the odor of marijuana, but not whether it was the odor of burned, burning or unburned marijuana. He did not testify whether those were automobile arrests or whether he had conducted a search following the arrests and, if there was a search, whether he found marijuana on the person or in any automobile that may have been

most tobacco smokers take their supply with them
when they leave an automobile. Whatever may be
the similarities and disparities in the habits of
tobacco and marijuana smokers, it has not been
shown that it is reasonable to expect to find un-
smoked marijuana in an automobile apart from its
occupancy by the marijuana user.

We conclude that the odor of smoked marijuana
does not provide probable cause for a search of an
automobile separate and apart from a search of
the smoker and of the automobile he is occupying
or has just occupied following his reasonable iden-
tification as the smoker.

The Court of Appeals is affirmed.

Kavanagh, C.J., concurred with Levin, J.


Blair Moody, Jr., J. *(concurring)*. I share Jus-
tice Levin's view that whether the odor of burned
marijuana *alone* provides probable cause for an
arrest or search ultimately depends upon the cir-
cumstances of each case on an *ad hoc* basis.

In the instant case, however, such analysis is not
required. None of the parties seriously contend
that the seizure of the cigarette package contain-
ing the four hand-rolled marijuana cigarettes was
legal. Therefore, the subsequent search of defend-
ant's automobile and the seizure of the additional
controlled substances was also illegal. The trial
judge should have suppressed this evidence as a
fruit of the poisonous tree. *Wong Sun v United
States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441
(1963).

It is submitted that while the officer's detection

---

searched. He did not say that he expected to find marijuana either
because of the habits of marijuana users or for some other reason.

of the odor of burned marijuana may have prompted his original inquiry and led to the defendant's admission and arrest, it is rather farfetched to assert that the odor *alone* prompted the subsequent search of the automobile. Clearly, one cannot ignore the fact the initial illegal seizure and arrest played a significant role in the officer's subsequent decision to search the automobile.

I would affirm the Court of Appeals for this reason.

FITZGERALD, J., concurred with BLAIR MOODY, JR., J.

WILLIAMS, J. *(dissenting)*. Defendant, Jeffrey Lee Hilber, was convicted of possession of amphetamines[1] and possession of marijuana with intent to deliver,[2] in part as a consequence of seizure of these substances from his automobile.

The people appeal from the Court of Appeals reversal of defendant's conviction based on that Court's view that the trial court erroneously failed to suppress the seized evidence.

We reverse as to the suppression of evidence issue and remand to the Court of Appeals.[3]

## I. FACTS

On April 19, 1975, defendant Hilber was stopped by two state troopers for speeding. Trooper Olson approached the vehicle, advised defendant that he had been speeding and requested his driver's license and registration.

---

[1] MCL 335.341(4)(b); MSA 18.1070(41)(4)(b).

[2] MCL 335.341(1)(c); MSA 18.1070(41)(1)(c).

[3] Defendant raised six issues on appeal to the Court of Appeals. That Court, finding the one issue considered herein dispositive, did not address the other five. We, therefore, remand for consideration of those five issues.

Trooper Olson testified at trial that "[a]s I was talking to the subject I got a distinct odor of what appeared to me as marijuana". The other trooper, Officer Lahde, testified that as he approached the driver's side of the vehicle, defendant was standing outside the car and Trooper Olson asked him if he could smell anything and "[a]t that time I leaned forward toward the vehicle and I smelt *[sic]* the strong odor of marijuana coming from the interior of the vehicle, apparent marijuana". Both officers had been trained and experienced in visual and olfactory detection of marijuana.

Defendant Hilber was told by Officer Olson "that * * * there was a strong odor of marijuana in the car" and then the officer "asked him if he * * * had any more marijuana in the car". At that point defendant reached onto the dashboard of the car and produced a cigarette package which contained four rolled marijuana cigarettes.

Defendant Hilber was turned over to Officer Lahde who took him to the patrol car and arrested him while Officer Olson proceeded to search the vehicle. The search uncovered more marijuana cigarettes, a large number of pills which were later found to be amphetamines, a marijuana (roach) pipe and a brown paper bag containing over five pounds of marijuana.

The trial court found the original cigarette package inadmissible because it was the product of improper questioning of defendant without advice of his *Miranda* rights, but found the other evidence admissible because the strong odor of marijuana justified probable cause for a search of the vehicle.

The Court of Appeals agreed that the cigarette package was inadmissible but reversed as to the failure to suppress the other evidence. *People v*

*Hilber,* 69 Mich App 664; 245 NW2d 156 (1976). Application for rehearing was denied by the Court of Appeals on August 5, 1976, and delayed application for leave to apeal was granted by this Court March 24, 1977.

## II. Issue

We granted leave to consider whether the evidence discovered in the car was admissible as a result of a proper search.

We find that the evidence was admissible and therefore reverse the Court of Appeals, reinstate defendant's conviction and remand to the Court of Appeals for consideration of other issues raised in but not addressed by that Court.

## III. Search of the Automobile

All persons in Michigan are protected against unreasonable search and seizure by both the Fourth Amendment to the United States Constitution[4] and the Constitution of the State of Michigan.[5] Because of the exclusionary rule developed to enforce this right, evidence obtained as a result of an unlawful search and seizure is inadmissible as

---

[4] United States Constitution, Am IV states:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

[5] Michigan Constitution 1963, art 1, § 11, states:

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation. The provisions of this section shall not be construed to bar from evidence in any criminal proceeding any narcotic drug, firearm, bomb, explosive or any other dangerous weapon, seized by a peace officer outside the curtilage of any dwelling house in this state."

evidence against an accused whose rights were violated. *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963); *Alderman v United States,* 394 US 165; 89 S Ct 961; 22 L Ed 2d 176 (1969). Further, the basic constitutional rule, subject to certain exceptions, is that searches conducted without authority of a warrant are presumptively unreasonable. *Coolidge v New Hampshire,* 403 US 443, 454-455; 91 S Ct 2022; 29 L Ed 2d 564 (1971); *People v Whalen,* 390 Mich 672, 677; 213 NW2d 116 (1973).

Under the facts of this case, it is one of these exceptions, specifically the automobile exception, which precludes the presumption of unreasonableness normally attendant upon warrantless searches and which supplies the applicable standards:

"1. Reasonableness is the test that is to be applied for both the stop of, and the search of moving motor vehicles.

"2. Said reasonableness will be determined from the facts and circumstances of each case.

"3. *Fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved,* than if a house or a home were involved.

"4. *A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police."* (Emphasis added.) *People v Whalen, supra,* 682, cited as authority in *People v Lillis,* 64 Mich App 64, 68; 235 NW2d 65 (1975).

The evidentiary quality of odor was brought out in *Johnson v United States,* 333 US 10; 68 S Ct 367; 92 L Ed 436 (1948), in which a defendant appealed her conviction of violation of a Federal narcotics law. Based on information supplied by an

informant, police went to defendant's hotel room, independently verified that the odor of burning opium was emanating therefrom, and knocked on the door. Upon being admitted, the police announced to defendant, the sole occupant of the room, that she should consider herself under arrest and proceeded to search the room.

The Court found that:

"At the time entry was demanded the officers were possessed of evidence which a magistrate might have found to be probable cause for issuing a search warrant. We cannot sustain defendant's contention, erroneously made, * * * that odors cannot be evidence sufficient to constitute probable grounds for any search. * * * If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search warrant. Indeed it might very well be found to be evidence of most persuasive character." *Johnson, supra,* 13.

That Court held that under the facts of *Johnson,* the requirement of a warrant prior to search could not be dispensed with because inconvenience and slight delay were the only countervailing considerations and no exigent circumstances were present.

"No suspect was fleeing or likely to take flight. *The search was of permanent premises, not of a movable vehicle.* No evidence or contraband was threatened with removal or destruction, except perhaps the fumes which we suppose in time would disappear. But they were not capable at any time of being reduced to possession for presentation to court. The evidence of their existence before the search was adequate and the testimony of the officers to that effect would not perish from the delay of getting a warrant." (Emphasis added.) *Johnson, supra,* 15.

Therefore, the United States Supreme Court both acknowledged that odor can be sufficient probable cause for the issuance of a search warrant,[6] a more difficult standard to meet than the standard of reasonableness required in automobile cases generally, and further acknowledged that such odor in a movable vehicle could obviate the necessity of a warrant.[7]

We need only decide, therefore, under the standards of reasonableness applicable to searches of automobiles, *Whalen, supra,* whether the odor emanating from defendant Hilber's car created a sufficient basis for the officers to believe that marijuana might be present,[8] and therefore permit search of the vehicle.[9]

Defendant asserts that in so determining, this Court should distinguish among the odors of unburned, burning and burned marijuana and, although the first two odors may be sufficient to establish reasonable cause for search, the third does not.

---

[6] See, also, *United States v Ventresca,* 380 US 102; 85 S Ct 741; 13 L Ed 2d 684 (1965); *United States v Solis,* 536 F2d 880 (CA 9, 1976); and *United States v Burrow,* 396 F Supp 890 (D Md, 1975), all holding that odor may be sufficient probable cause upon which to issue a search warrant.

[7] Professor Jerold H. Israel of the University of Michigan School of Law, in analyzing recent United States Supreme Court decisions in the area of criminal procedure, finds the necessity for a search warrant inapplicable to most automobile searches. Israel, *Criminal Procedure, the Burger Court, and the Legacy of the Warren Court,* 75 Mich L Rev 1319, 1392 (1977).

[8] Although there is much authority for the proposition that odor of marijuana alone is sufficient for probable cause to search an automobile subsequent to a routine border stop, see, *e.g., United States v Andrade,* 545 F2d 1032 (CA 5, 1977); *United States v Barron,* 472 F2d 1215 (CA 9, 1973); *United States v Bowman,* 487 F2d 1229 (CA 10, 1973), because of the different standards often applied to border cases, we do not rely on that authority in this case.

[9] There is no allegation that the subsequent search of the vehicle was tainted by the original failure to give *Miranda* warnings. The reasonableness of cause for the search was separate from the arrest and evidence of the cigarette package resulting in that arrest.

We find no basis in this case for drawing such a distinction. Certainly there are cases in which courts have used these terms as descriptive of the odor involved: the odor of "unburned" marijuana, see, *e.g., People v Cook,* 13 Cal 3d 663; 119 Cal Rptr 500; 532 P2d 148 (1975); *People v Wolf,* 15 Ill App 3d 374; 304 NE2d 512 (1973); *State v Zamora,* 114 Ariz 75; 559 P2d 195 (Ct App, 1976) (very faint odor of marijuana sufficient probable cause for search even though the other officer present was unable to verify the existence of that odor); the odor of "burning" marijuana, *People v Parisi,* 46 Mich App 322; 208 NW2d 70 (1973), reversed on grounds not relevant to the issue considered herein, 393 Mich 31; 222 NW2d 757 (1974); *People v Christensen,* 2 Cal App 3d 546; 83 Cal Rptr 17 (1969), and the odor of "burned" marijuana, *Hicks v State,* 534 SW2d 872 (Tenn Crim App, 1976); *State v Kern,* 295 Minn 580; 205 NW2d 509 (1973).

We find these terms, however, not to be determinative or necessitate differing results for two reasons. First, because in many of the above cases as well as others cited *infra,* the type of odor perceived and giving rise to cause for search can only be guessed at by a reading of the facts to discover the type of marijuana which was subsequently found during the search. In other words, the language employed by courts generally makes no distinction as to the classification of marijuana odor involved. See, *e.g., State v Hughes,* 544 SW2d 99 (Tenn, 1976); *People v Wolf,* 15 Ill App 3d 374; 304 NE2d 512 (1973); *Ford v State,* 37 Md App 373; 377 A2d 577 (Ct Spec App, 1977); *State v Binns,* 194 NW2d 756 (ND, 1972); *State v Compton,* 13 Wash App 863; 538 P2d 861 (1975); *State v Benson,* 198 Neb 14; 251 NW2d 659 (1977).

Second, we are not in a position to take judicial

notice of the lengths of time the differing odors linger; we are in no position to know that a "burning" odor may remain for a certain number of minutes or hours at which point it becomes a "burned" odor. Although defendant claims that the odor of burned marijuana may linger and, therefore, there is no cause to believe the substance was still present, there is the same possibility that the odor of "unburned" or "burning" marijuana may linger in a small area such as an automobile for a period of time[10] beyond the actual presence of the substance. This creates a factual as opposed to legal conflict and that conflict was resolved by the finding of the trial court that the search was supported by reasonable cause. We do not find that conclusion contrary to the evidence before this Court and agree that the strong odor of marijuana, detected by an officer trained in olfactory detection of marijuana, provides reasonable cause to believe that marijuana was present in the automobile and that the search was justified.[11]

Beyond strong legal precedent for the finding of the trial court that there was reasonable cause to search[12] we feel that finding is supported by com-

[10] In *Ford v State,* 37 Md App 373, 380; 377 A2d 577, 581 (Ct Spec App, 1977), the defendant called an expert witness in an attempt to discredit the testimony of the officer who detected the odor on the person of defendant and in his automobile. The expert

"* * * acknowledged, however, that the odor of marihuana smoke was such as might permit one to 'be able to smell it for an hour.' She acknowledged also that under some conditions the odor of drying marihuana is 'much stronger than the smell of the smoke.' "

[11] Although there is some authority for the development of a "plain smell" doctrine analogous to the "plain view" doctrine, see *United States v Solis,* 536 F2d 880, 881 (CA 9, 1976); *United States v Curran,* 498 F2d 30, 33 (CA 9, 1974); *United States v Martinez-Miramontes,* 494 F2d 808, 810 (CA 9, 1974); *Commonwealth v Stoner,* 236 Pa Super 161, 166; 344 A2d 633, 635 (1975), we need not decide in this case whether such a doctrine should be recognized in Michigan.

[12] Defendant Hilber cites the recent Montana Supreme Court decision in *State v Schoendaller,* — Mont —; 578 P2d 730; 23 Cr L Reporter 2185 (1978), which held that the odor of burned marijuana

mon sense. It is not necessary to have proof beyond a reasonable doubt to satisfy the exceptions to constitutional prohibitions against unreasonable search and seizure. Because of the exigencies of this case, it is not even necessary that there be probable cause sufficient to obtain a search warrant. All that is required is a reasonable belief. If courts are to bind police activity by the limits of reason, so must they allow the police to function freely within those limits, rather than requiring unrealistic exercises in caution in the performance of their duties.

The officers in the instant case detected a strong odor of marijuana, reasonably believed that the marijuana was present and, as ultimately demonstrated, their belief was well founded. They relied on their training and experience, and under these circumstances, violated no constitutional right in the search of the automobile.

## IV. Conclusion

Because the odor of marijuana provided the police officers with reasonable cause to believe that marijuana was present in violation of the laws of this state, we reinstate the conviction of defendant and remand to the Court of Appeals for consideration of issues not considered on prior hearing.

Reversed and remanded.

Coleman and Ryan, JJ., concurred with Williams, J.

---

was not reasonable cause to search an automobile. We find the opinion of dissenting Justice Harrison more persuasive.