PEOPLE v LOLLEY

PEOPLE v LANGLEY

Docket Nos. 54647, 54655. Submitted December 8, 1981, at Lansing.—
Decided February 19, 1982. Leave to appeal denied, 413 Mich
919.

    Lane Lolley and John C. Langley were charged with carrying
concealed weapons. Defendants moved in Jackson Circuit Court
to suppress from evidence the seized weapons. The testimony at
the suppression hearing established that the automobile which
Lolley was driving and in which Langley was a passenger was
stopped for a speeding violation. The state police officer saw
some activity in the back seat of the automobile and smelled
the odor of beer when he approached the automobile. He
observed an opened beer bottle on the rear floor of the automo-
bile. The officer opened the door of the automobile and, in his
search for more beer, found two revolvers under the front seat
of the automobile. Gordon W. Britten, J., granted the motion to
suppress and dismissed the charges on the basis that the officer
did not have the right to conduct a search of the automobile
without a warrant because he had not observed the commission
of a misdemeanor in his presence, probable cause to believe
that a misdemeanor had been committed not being sufficient to
justify a search without a warrant. The prosecution appeals as
to both defendants. *Held:*

    1. The trial court was correct in holding that probable cause
to believe that a misdemeanor had been committed in the
officer's presence is not sufficient to justify a search without a
warrant.

    2. The trial court properly determined that the facts did not
establish that a misdemeanor had been committed in the police
officer's presence.

    Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest §§ 24, 30.

    68 Am Jur 2d, Searches and Seizures § 35.

[2] 5 Am Jur 2d, Arrest §§ 26, 28.

    What amounts to violation of drunken driving statute in officer's
"presence" or "view" so as to permit warrantless arrest. 74
ALR3d 1138.

1. SEARCHES AND SEIZURES — SEARCH WITHOUT WARRANT — MISDE-
   MEANORS.

   A search without a warrant may not be made upon mere proba-
   ble cause to believe that a misdemeanor has been committed
   but rather may be made only when the misdemeanor has been
   committed in the presence of the police officer; there is no
   exception to the constitutional rule that searches without a
   warrant are per se unreasonable for a search which is based
   upon probable cause to believe that a misdemeanor has been
   committed.

2. ARREST — MISDEMEANOR.

   The movement of a passenger in the rear seat of an automobile
   coupled with a police officer's detection of the odor of beer and
   observation of an empty beer bottle does not provide the police
   officer with a reasonable belief that a misdemeanor has been
   committed in his presence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Michael J. Baughman,* for defendants.

Before: MacKENZIE, P.J., and M. F. CAVANAGH and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendants were both charged with carrying a concealed weapon in a motor vehicle. MCL 750.227; MSA 28.424. Following a suppression hearing, the evidence on which the charges rested was suppressed, and the charges were subsequently dismissed. The people appeal by right.

At the suppression hearing, Michigan State Police Trooper Jeffrey Markle testified that he pursued defendants' vehicle, having previously monitored it traveling above the speed limit. As he was following the vehicle, he saw the rear seat passenger completely disappear from view for 30 to 40 seconds. After both cars had stopped, officer Mar-

kle and the driver (defendant Lolley) met between the two cars and spoke briefly. Officer Markle then walked to the driver's side of the defendants' car and looked in the open window, at which point he recognized the "smell of beer" coming from the car. Upon looking through the rear window, he saw the neck of an open beer bottle protruding from underneath the front seat and a brown paper bag on the floor behind the passenger's seat. He opened the passenger's door and looked in the paper bag, which contained a six-pack container for beer holding four unopened bottles and two empty slots. His search under the seats of the car produced several other empty beer bottles as well as two knives and two guns.

In granting the motion to suppress the guns discovered in the search, the trial judge held that a search without a warrant based upon suspicion, or reasonable belief, that a misdemeanor may have been committed or is being committed is invalid. We agree.

The law is clear that a search without a warrant may not be made upon mere probable cause to believe that a misdemeanor has been committed. An officer cannot make the search unless the misdemeanor is committed in his presence. *People v Brooks,* 405 Mich 225; 274 NW2d 430 (1979), *People v Kuntze,* 371 Mich 419; 124 NW2d 269 (1963). The question thus becomes whether or not mere probable cause to believe that a misdemeanor was committed in the officer's presence is sufficient to justify a search without a warrant. The trial judge concluded it was not, and we find no error.

In *People v Whalen,* 390 Mich 672, 677; 213 NW2d 116 (1973), the Supreme Court reiterated the basic constitutional rule which holds that a

search without a warrant is per se unreasonable under the Fourth Amendment unless it falls under one of the well delineated exceptions to the rule. There is no authority for an exception to the rule which would justify an arrest or search and seizure on the basis of probable cause to believe that a misdemeanor has been committed in the officer's presence. In fact, the Supreme Court directly addressed this issue in the case of *People v Kuntze, supra.* In that case, state troopers, having stopped defendant's car for a traffic violation, saw the leg of a deer partially protruding from under the front seat of defendant's car. The troopers seized the hindquarter of the deer, and defendant subsequently moved to suppress the evidence as the fruit of an illegal search and seizure. The Court upheld the legality of the search on the basis that the officers had directly observed the commission of a misdemeanor, the possession of part of a deer in violation of MCL 312.9; MSA 13.1338, by the defendant in their presence. The Court stated:

"It should not be implied from what has been said that search and seizure without a warrant may be made merely on probable cause to believe a misdemeanor is being committed. In this case Trooper Righter had *actual knowledge, not just probable cause to believe,* that a misdemeanor was in fact being committed in his presence." *Id.,* 427. (Emphasis added.)

In the present case all that existed was the movement of the rear seat passenger, the odor of beer, and an empty beer bottle. The officer did not actually see a misdemeanor committed in his presence before his search began, and therefore the search was illegal. Officer Markle might have been justified in believing he had actual knowledge that a misdemeanor was being committed in his presence if he had seen the rear seat passenger drinking from a bottle and then had smelled the odor of

beer and seen the neck of a beer bottle in plain view. This, however, was not the case.

The people rely on the case of *People v Hilber,* 403 Mich 312; 269 NW2d 159 (1978), for the proposition that a search without a warrant is valid when there is probable cause to believe that a misdemeanor is being committed in the officer's presence. In *Hilber,* the sole basis for the search of the vehicle was the detected odor of marijuana. The Court found that the odor of burned marijuana, by itself, was not sufficient to provide probable cause for an arrest or a search. *Id.,* 329. However, the opinion indicates that such an odor accompanied by other factors might constitute probable cause to search a vehicle for marijuana. *Id.,* 327. Probable cause to search for marijuana, possession of which is a misdemeanor, is justified by the controlled substances provision of the Public Health Code. The code provides that an officer may arrest for possession of marijuana even when the offense is not committed in his presence, as long as he has reasonable cause to believe that a violation of the code has taken place. MCL 333.7501; MSA 14.15(7501). The permission of a search without a warrant on the basis of probable cause to believe that such a misdemeanor had been committed was a statutory exception to the general rule which prohibits an officer from making an arrest or a search and seizure on the basis of probable cause to believe that a misdemeanor has been committed in his presence.

In light of our decision, we need not reach the issue of whether the officer had probable cause to conclude that the defendant was violating the open container statute in his presence. Even if such probable cause had existed, the search would not have been justified.

Affirmed.