PEOPLE v MANIFEE

Docket No. 54233. Submitted October 6, 1981, at Grand Rapids.—
Decided January 11, 1982.

George B. Manifee pled guilty to attempted breaking and enter-
ing an occupied dwelling with intent to commit larceny and
larceny over $100. He was released on bond pending sentencing
and failed to appear on the day of sentencing. He was subse-
quently arrested in Indiana and charged with burglary. Indiana
authorities informed Michigan that the defendant was in their
custody and placed a "hold" on the defendant for Michigan,
precluding a possible release on bond in Indiana. The defendant
subsequently pled guilty to the Indiana charge in exchange for
a recommendation by the Indiana prosecutor that his sentence
be served concurrently with any sentence in Michigan. The
Indiana court so sentenced the defendant. Following 300 days
imprisonment in Indiana, the defendant was returned to Michi-
gan, and sentence was imposed with no credit given for time
spent in prison in Indiana, Calhoun Circuit Court, Paul Nico-
lich, J. The defendant appeals. *Held:*

The defendant is entitled to credit for 63 days spent in prison
in Indiana pending trial on the Indiana charges because the
pending Michigan charges constituted a substantial factor con-
tributing to his pretrial detention in Indiana. However, he is
not entitled to credit for the 237 days spent in prison subse-
quent to his sentencing on the Indiana charge, the Indiana and
Michigan charges being unrelated.

Affirmed as modified.

R. M. Maher, P.J., dissented in part. He would hold that the
defendant is entitled to full credit for the time spent in prison
in Indiana because the Indiana court intended that the sen-
tences should be served concurrently, the credit does not frus-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 548, 549.

Right to credit for time spent in custody prior to trial or sentence.
77 ALR3d 182.

Right to credit on state sentence for time served under sentence of
court of separate jurisdiction where state court fails to specify in
that regard. 90 ALR3d 408.

trate the intent of a consecutive sentencing statute, the credit statute should be read to benefit defendants and the result is required by the principles of comity. He would grant the defendant full credit.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — FOREIGN JURISDICTIONS.

A criminal defendant who is held in prison in a foreign state pending trial on charges in that state substantially because of pending Michigan charges is entitled to credit for the time spent in the foreign prison upon being sentenced subsequently in Michigan; however, he is not entitled to credit for time spent in prison in the foreign state because of his conviction on an unrelated charge in that state (MCL 769.11b; MSA 28.1083[2]).

PARTIAL DISSENT BY R. M. MAHER, P.J.

2. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — FOREIGN JURISDICTIONS.

*A criminal defendant who is held in prison in a foreign state pending trial on charges in that state and because of pending charges in Michigan should be given credit for the total amount of time spent in prison regardless of whether the charges are related where the sentencing court in the foreign state intended that the sentences should be served concurrently, where such credit would not frustrate the intent of a consecutive sentencing statute, on the grounds that the credit statute should be read to benefit defendants, and upon principles of comity.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *John H. MacFarlane,* Chief Assistant Prosecuting Attorney, for the people.

*Ronald J. Bretz,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and R. ROBINSON,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant pled guilty to attempted breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, and larceny over $100, MCL 750.356; MSA 28.588. He was sentenced to concurrent terms of from 40 to 60 months on each charge, with 101 days credit for time served. Defendant now moves for peremptory reversal, seeking an additional 300 days of credit.

On May 22, 1979, defendant entered guilty pleas to the above charges. The trial court set June 25, 1979, as the date for sentencing and released defendant on bond. Defendant failed to appear for sentencing and a warrant was issued for his arrest.

Defendant surfaced in Anderson, Indiana, where he was arrested on August 27, 1979, and charged with a burglary which he had committed in Anderson three days before. On September 17, 1979, Indiana authorities informed authorities in Calhoun County, Michigan, that defendant was in their custody and put a "hold" on defendant for the Michigan authorities.

Defendant pled guilty to the Indiana charge on November 5, 1979. In exchange for this plea, the prosecution agreed to "recommend that the defendant be sentenced to the Indiana Department of Corrections for a period of two years executed, said sentence to be served concurrently with the Calhoun County, Michigan, sentence".

Accordingly, the Indiana court sentenced defendant to a two-year term to be served concurrently with the sentence he was to receive on the Michigan charges.

On January 28, 1980, the Calhoun County authorities requested temporary custody of defendant in order to return him for sentencing on the

Michigan charges. This request was denied. The Calhoun County authorities submitted another such request on May 23, 1980. On July 11, 1980, after 300 days of imprisonment in Indiana, defendant was returned to Michigan for sentencing.

At the sentencing hearing, defendant's counsel asserted that defendant was entitled to credit for the time spent incarcerated in Indiana. The trial court made no reference to this request in sentencing defendant to a term of from 40 to 60 months, with credit for 101 days served while awaiting trial in Michigan.

Defendant's sole claim of error on appeal is that the trial court erred in failing to grant credit for the time served in Indiana. The relevant statute, MCL 769.11b; MSA 28.1083(2), provides:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

Various panels of this Court have expressed widely differing views with respect to the scope of this statute. In *People v Coyle,* 104 Mich App 636, 649-650; 305 NW2d 275 (1981), the Court summarized the current state of the law:

"There are three points of view on this question. The most strict approach states that if defendant is technically free on bond on the charge of which he was convicted (charge A), time served due to any other charge will not be credited when he is sentenced upon conviction of charge A. See, *e.g., People v Finn,* 74 Mich App 580; 254 NW2d 585 (1977). Similarly, where defendant was not confined on the charge of which he was

convicted, no credit was given. *People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977).

"The middle view is that if defendant is confined on a related charge, credit will be given. *People v Tilliard,* 98 Mich App 17; 296 NW2d 180 (1980). As between the two charges, there must be an 'intimate and substantial relationship', *People v Groeneveld* [54 Mich App 424, 427-428; 221 NW2d 254 (1974)], or a rational nexus, *People v Face* [88 Mich App 435, 439; 276 NW2d 916 (1979)].

"The most liberal view is that credit will be granted, although the letter of the sentence credit statute precludes it, because the spirit of the statute requires it. *People v Potts,* 46 Mich App 538, 550-551; 208 NW2d 583 (1973), *lv den* 391 Mich 833 (1974), *People v Parisi* [46 Mich App 322, 329-330; 208 NW2d 70 (1973)], *People v Chattaway* [18 Mich App 538, 541-543; 171 NW2d 801 (1969)]."

We believe that the strict view as enunciated in *Finn* represents the closest approximation of the Legislature's intent in enacting the "credit statute". After Michigan authorities placed a "hold" on defendant, he spent 63 days in an Indiana prison awaiting trial prior to tendering his guilty plea. Consequently, the Michigan charges were a substantial factor which contributed to defendant's pretrial detention in Indiana. Even if defendant had managed to post bond on the Indiana charge, he would not have been released due to the "hold" placed by the Michigan authorities.

Under these circumstances, we believe that the policy embodied in the credit statute requires that defendant receive 63 days of credit against his Michigan sentence, and we modify his sentence accordingly.

However, we disagree with defendant's contention that he is also entitled to credit for the 237 days he spent imprisoned in Indiana between sen-

tencing on the Indiana charges and his subsequent release. Defendant's incarceration during that period was not the result of inability to post bail or the "hold" placed by the Michigan authorities. Rather, he was serving a sentence for an unrelated offense committed in another state. Consequently, we cannot conclude that the credit statute mandates an additional reduction in defendant's sentence.

Affirmed as modified.

R. M. Maher, P.J. *(dissenting in part).* I concur in the majority's decision to grant defendant credit for the 63 days he was incarcerated in Indiana while awaiting trial. However, I must respectfully dissent to the majority's conclusion that defendant is not entitled to an additional 237 days of credit.

In *Brinson v Genesee Circuit Judge,* 403 Mich 676, 686; 272 NW2d 513 (1978), the Supreme Court indicated that the credit statute "mandates the grant of credit in appropriate circumstances and is to be read to benefit defendants * * * unless the intent of a consecutive sentencing statute would be frustrated by such a reading * * *".

The record shows that defendant did not receive concurrent sentences largely as a result of the failure or inability of the State of Michigan to secure his return for resentencing. In addition, a grant of credit under these circumstances would not frustrate the policy of a consecutive sentencing statute since defendant could not have received a consecutive sentence for the first offense. MCL 768.7b; MSA 28.1030(2), and *Brinson, supra.* Finally, since the Indiana court's intent to impose concurrent sentences will be frustrated if this Court fails to grant credit for defendant's entire

period of incarceration, principles of comity require such a sentence reduction. Otherwise, this Court cannot expect other states to accord appropriate deference to the sentencing decisions of *our* courts.

I believe that the so-called "liberal" view—as expressed in *People v Potts,* 46 Mich App 538; 208 NW2d 583 (1973), and *People v Coyle,* 104 Mich App 636; 305 NW2d 275 (1981)—reflects the fairest interpretation of the Legislature's intent in enacting the credit statute and, therefore, would grant defendant credit for all 300 days spent in an Indiana prison.