184 N.J. Super. 626 (1982)
446 A.2d 1263
STATE OF NEW JERSEY, PLAINTIFF,
v.
VAN DOREN JONES, DEFENDANT.
Superior Court of New Jersey, Law Division Hudson County.
Decided April 30, 1982.
*627 Genise Teich, Assistant Prosecutor, for plaintiff (Harold J. Ruvoldt, Jr., Hudson County Prosecutor, attorney).
Dennis L. McGill, Assistant Deputy Public Defender, for defendant (Stanley C. Van Ness, Public Defender, attorney).
STERN, J.S.C.
Defendant applies for "jail credits" to reduce custodial time remaining on the sentence imposed as a result of his plea of guilty to aggravated assault as charged in the amended first count of Indictment 150-81. His plea of guilty was the product of a plea agreement whereby the charges embodied in Indictments 774-79 and 1815-80 and complaint WG31637 were dismissed. The dismissed charges resulted from an arrest on October 1, 1979, for which defendant posted cash bail and was released on October 4, 1979. The assault for which defendant *628 entered the plea occurred on March 30, 1980. He posted bail thereon on April 1, 1980.
On April 25, 1980 defendant failed to appear for arraignment on Indictment 774-79, and a bench warrant was issued for his arrest. On August 12, 1980 defendant was arrested in Los Angeles, California. He was extradited to Hudson County on August 22, 1980. This extradition was based solely on the charges embodied in the warrant issued as a result of defendant's nonappearance of April 25, 1980. On January 21, 1981 a parole detainer was filed against defendant, and on July 8, 1981 he was declared to be in violation of his parole. Defendant was returned to the Youth Correctional Institution Complex at Yardville, and after serving time as a result of the violation, he was returned to the Hudson County Jail on October 29, 1981. The next day, on October 30, 1981, defendant posted new bail on Indictment 774-79, Superceding Indictment 1815-80 and the complaint, and was released thereon.
Defendant seeks credits for time spent awaiting extradition and while in the Hudson County Jail both before and after his parole was revoked. However, as indicated above, defendant pled guilty with respect to count one of Indictment 150-81, which embodied offenses occurring on March 30, 1980, for which defendant posted bail and was released on April 1, 1980. Indictment 150-81 was not returned until November 11, 1981. There were no proceedings as a result of that offense for which defendant failed to appear. In fact, following his release on October 30, 1981 defendant remained out of custody until the time of his sentencing following the plea to Indictment 150-81.
The issue is not whether defendant's bail on the charges embodied in Indictment 150-81 could have been revoked because of his nonappearance and extradition on other charges. There is nothing in the record indicating that defendant was charged with any new offense following his release on bail in April, 1980. The fact is that his bail on the offenses embodied in Indictment 150-81 was never revoked because he never failed to appear with respect to those charges.
*629 While R. 3:21-8 speaks in terms of credit for time spent in custody between arrest and sentencing, it is clear that the confinement must be "directly attributable" to the particular offense for which the credits apply. In other words, the credits apply only to the particular offense or offenses for which there was confinement or detention. See, e.g., State v. Allen, 155 N.J. Super. 582, 584-585 (App.Div. 1978), certif. den. 77 N.J. 472 (1978); State v. Council, 137 N.J. Super. 306 (App.Div. 1975); State v. Beatty, 128 N.J. Super. 488 (App.Div. 1974).[1] These precedents do not deal with more than one case pending in the same county or with simultaneous disposition of various charges. But cf. State v. Beatty, supra. Nevertheless, defendant is not entitled to credit against the sentence on Indictment 150-81 because his bail was not revoked and no warrant or detainer prevented his release with respect to those charges.[2] See also State v. Marnin, 108 N.J. Super. 442 (App.Div. 1970).
While credits may be an appropriate consideration at the time of plea negotiations regarding disposition of multiple charges, no issue is raised or projected regarding the knowing and voluntary nature of the guilty plea in this case. Compare State v. Taylor, 80 N.J. 353 (1979); State v. Smith, 109 N.J. Super. 9 (App.Div. 1970) dealing with maximum exposure.
The application is denied. However, credit is permitted for the three days defendant spent in custody between March 30, 1980 and April 1, 1980, after defendant's arrest on the charge to which the plea was entered.
NOTES
[1] As construed, R. 3:21-8 recognizes the constitutional rights of a defendant to receive credits for time spent in custody between arrest and the imposition of sentence. See e.g., King v. Wyrick, 516 F.2d 321, 323-324 (8th Cir.1975); Godbold v. Wilson, 518 F. Supp. 1265, 1269 (D.Col. 1981) (equal protection): see also North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (re-sentencing); Torres v. Wagner, 121 N.J. Super. 457 (App.Div. 1972) (denial of good time credits).
[2] N.J.S.A. 2C:44-5(b)(2) relates to time spent in imprisonment as a result of a sentence previously imposed. The time credits might be construed to include presentence jail credits, but has no application unless defendant, while incarcerated, is sentenced for an offense occurring before the prior sentence.