Steven E. **NUTT**, Appellant (Defendant Below),

v.

**STATE** of Indiana, Appellee (Plaintiff Below).

No. 2–882A238.

Court of Appeals of Indiana, Second District.

July 11, 1983.

---

Merrill W. Otterman, Howard County Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant-appellant Steven E. Nutt (Nutt) seeks remand of his conviction of failure to appear[1] so that he may be allowed credit for pre-sentence time served in Texas from the time Indiana authorities placed a "hold" on him to the time of his extradition to Indiana.

1. Ind.Code 35–44–3–6 (1982).

We remand for proceedings consistent with this opinion.

## FACTS

The undisputed facts are that on November 19, 1980, a warrant was issued in Howard County for Nutt's arrest for failure to appear in connection with a charge of theft. Nutt had gone to Texas, where he was arrested on unrelated charges on February 13, 1981. Howard County authorities learned of Nutt's arrest and, on February 14, 1981, filed a "hold" with Texas authorities.

On June 9, 1981, the Texas charges were dismissed, but Nutt was kept in custody pursuant to Indiana's "hold." Indiana filed notice of its intent to extradite Nutt on June 19, 1981, and after exhausting all possible challenges to the extradition proceedings, Nutt was returned to Indiana on January 25, 1982.

Nutt pled guilty to failure to appear and was sentenced to a three-year term pursuant to the plea agreement. He was allowed sixty days credit for pre-sentence time served from the time of his return to Indiana to the time of his sentencing. The trial court refused to allow Nutt any credit for pre-sentence time served in Texas.

## ISSUES

We treat Nutt's concerns as two issues:

1. Should Nutt be allowed credit for pre-sentence time served in Texas after the Texas charges were dropped and while extradition was pending?
2. Should Nutt be allowed credit for pre-sentence time served in Texas while Texas's charges were pending and the Indiana "hold" was in effect?

## DECISION

ISSUE ONE—Should Nutt be allowed credit for pre-sentence time served in Texas after the Texas charges were dropped and while extradition was pending?

PARTIES' CONTENTIONS—Nutt asserts that he is entitled to credit for pre-sentence time served in Texas from the time Texas dismissed its charges against him to the time he was actually extradited to Indiana because he was being held in custody as a result of the charge for which he is now being sentenced. The State responds that Nutt should receive no credit for pre-sentence time served in Texas because Indiana had no jurisdiction over him until he was returned to custody in Indiana.

CONCLUSION—Nutt should be allowed credit for pre-sentence time served in Texas after the Texas charges were dropped and while extradition was pending.

This is the statute which we must interpret:

"A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing."

IC 35–50–6–3(a) (1982) [hereinafter cited as the Credit Time Statute.][2] We apply the same two-step analysis spelled out by Judge Staton in *Dolan v. State*, (1981) Ind.App., 420 N.E.2d 1364: (1) Was the defendant *confined or imprisoned,* and (2) was the confinement or imprisonment a *result of* the criminal charge for which sentence is now imposed?

Nutt's detention after Texas authorities dropped the unrelated charges was indubitably the result of the Indiana charge for which he is now being sentenced. *Cf. Woodson v. State*, (1978) Ind.App., 178 Ind.App. 692, 383 N.E.2d 1096 (Indiana escapee not being held as a result of Indiana charges when serving Missouri *sentence*); *Cooley v. State*, (1977) 172 Ind.App. 199, 360 N.E.2d 29, *trans. denied* (Indiana fugitive not being held as a result of Indiana charges when serving Illinois *sentence*). The State's position is that Nutt should not be allowed credit because his confinement or imprisonment was in a foreign jurisdiction.

When interpreting statutory language, the fundamental rule is that words and phrases should be given their plain, ordinary, and usual meaning. *Smith v. State*, (1981) Ind.App., 427 N.E.2d 11; *Owens v. State*, (1981) Ind.App., 424 N.E.2d 169. We do not trim the sails of legislative intent. When the Credit Time Statute provides "[a] person assigned to Class I earns one (1) day credit *for each day he is imprisoned,*" IC 35–50–6–3(a) (emphasis supplied), then we must assume from the plain language of the statute that *where* the defendant is imprisoned is irrelevant. *Accord State v. Mahler,* (1981) 128 Ariz. 429, 626 P.2d 593; *In re Watson,* (1977) 19 Cal.3d 646, 566 P.2d 243, 139 Cal.Rptr. 609; *Osteen v. State,* (1981 Fla.Dist.Ct.App.) 406 So.2d 1239; *People v. Havey,* (1968) 11 Mich.App. 69, 160 N.W.2d 629; *People v. Nagler,* (1964) 21 A.D.2d 490, 251 N.Y.S.2d 107; 24B C.J.S. *Criminal Law* § 1995(5) (1962).

This construction of our Credit Time Statute is in keeping with Indiana's treatment of pre-sentence imprisonment as a form of punishment. The legislative goal appears to be to equalize total confinement time among inmates serving identical sentences for identical offenses by allowing those who cannot post bail before sentencing to be given credit towards their sentence for pre-sentence imprisonment or confinement. *See Brown v. State,* (1975) 262 Ind. 629, 322 N.E.2d 708. This construction is consistent with the proposition that credit time statutes, as remedial legislation, should be liberally construed in favor of those benefitted by the statute. 24B C.J.S. *Criminal Law* § 1995(4) (1962). *Accord In re Watson, supra; People v. Face,* (1979) 88 Mich.App. 435, 276 N.W.2d 916; *Havey, supra.*

If we were to disallow credit for pre-sentence time spent in confinement while resisting extradition, we would be penalizing the defendant for exercising his right to contest extradition under the Uniform Criminal Extradition Act. *See* IC 35–2.1–

---

**2.** Nutt fits into Class I because he was "imprisoned for a crime or imprisoned awaiting trial or sentencing." IC 35–50–6–4(a) (1982).

2–3 (Supp.1979).[3] This we will not do. *Accord In re Watson, supra; State v. Johnson,* (1979) 167 N.J.Super. 64, 400 A.2d 516.

■ Thus, we conclude a defendant is entitled to credit time for pre-sentence time served in a foreign jurisdiction pending extradition. Our Credit Time Statute does not distinguish imprisonment or confinement in Indiana from that in a foreign jurisdiction, and, in this case, the confinement resulted solely from the charge for which Nutt is now being sentenced.

ISSUE TWO—Should Nutt be allowed credit for pre-sentence time served in Texas while Texas's charges were pending and the Indiana "hold" was in effect?

PARTIES' CONTENTIONS—Nutt contends that he is entitled to credit for pre-sentence time served in Texas from the time Indiana placed a "hold" against him to the time Texas charges were dropped because he was being held on multiple charges during this time period and Indiana law allows a full credit for each offense. The State once again counters that Nutt should receive no credit for pre-sentence time served in Texas because Indiana had no jurisdiction over him until he was returned to custody in Indiana.

■ CONCLUSION—Yes, Nutt is entitled to such credit time.

Consistently, we apply the same two-step analysis of *Dolan, supra:* (1) Was the defendant *confined or imprisoned,* and (2) was the confinement or imprisonment a *result of* the criminal charge for which sentence is now imposed?

Nutt was confined or imprisoned in Texas from February 14, 1981, when Indiana authorities placed a "hold" on him, to June 9, 1981, when the unrelated Texas charges were dismissed. The crucial determination now shifts to whether the period of imprisonment or confinement at hand resulted from the Indiana charge of failure to appear for which Nutt is now being sentenced.

Nutt's position is that Indiana law generally allows credit for pre-sentence time served from the date of "arrest" to the date of sentencing. Because "arrest" is defined by statute as "a taking of a person into *custody* that he may be held to answer for an offense," IC 35–1–17–1 (1982) (emphasis supplied), Nutt was in *custody* or under "arrest" as a result of both Indiana's and Texas's charges at the moment Indiana authorities filed a "hold" with Texas authorities. Thus, asserts Nutt, he is entitled to credit for pre-sentence time served in Texas as Indiana law allows credit for this period of pre-sentence incarceration resulting from multiple charges.

We subscribe to this unrestricted interpretation of IC 35–50–6–3(a). Indiana employs a straightforward test for determining if a period of incarceration or confinement *results from* the charge for which the defendant is now being sentenced in the context of a defendant being held on multiple charges: [4]

"[A] defendant who [was] awaiting trials [sic] on different crimes during the same period of time and who was convicted and sentenced separately on each *should have full credit applied on each sentence* . . . Appellant's contention is correct that he should be given credit for time served *from the day of his arrest until the day of his sentencing* and it is so ordered."

*Owen v. State,* (1979) Ind., 396 N.E.2d 376, 383 (emphasis supplied). *Accord Franks v. State,* (1975) 262 Ind. 649, 323 N.E.2d 221; *Dolan, supra. Cf. Duncan, supra; Cooley, supra* (Indiana fugitive not being held as a result of multiple charges when serving a prior *sentence*).[5]

---

3. Repealed effective 1981. For new codification, *see* IC 35–33–10–3 (1982).

4. The only limitation placed on this rule occurred in *Duncan v. State,* (1980) Ind., 412 N.E.2d 770. Justice Hunter determined that, although a defendant is entitled to multiple credit when incarcerated for multiple charges, said defendant may only *actually* receive one credit for the incarceration. We have no such multiple credit problem here because the Texas charges were eventually dismissed.

5. Indiana's rule differs from other jurisdictions which require that a "causation" test be applied to determine whether the incarceration or confinement *resulted from* the charge for which the defendant is now being sentenced.

**346**

The only remaining question is whether a "hold" is the equivalent of an "arrest" for the purposes of the Credit Time Statute. Under IC 35–1–17–1, an "arrest" is defined as "the taking of a person into *custody* that he may be held to answer for an offense". (Emphasis supplied). For purposes of the Credit Time Statute, the jurisdiction of custody, according to the rationale implemented in Issue I, is irrelevant; therefore, whether the custody was direct or indirect is also irrelevant. Consequently, Nutt was under "arrest" for failure to appear when Indiana authorities placed a "hold" on him because he was in Indiana's indirect *custody* at that moment. *Accord People v. Major,* (1981) 106 Mich. App. 226, 307 N.W.2d 451; *Face, supra. Cf. U.S. v. Carmen,* (E.D.Tenn.1979) 479 F. Supp. 1 (*detainer* filed for prisoner serving prior *sentence* merely an informal notice).

This interpretation is strengthened by the fact Texas authorities kept Nutt in custody *solely* on the basis of Indiana's "hold" from the time the unrelated charges were dismissed to the time Indiana authorities formally notified Texas authorities of their intent to extradite Nutt. Such a procedure (of "arresting" and "holding" a fugitive in custody pending formal extradition) is explicitly provided for in the Uniform Criminal Extradition Act. *See* IC 35–2.1–2–3. Accordingly, Nutt is entitled to credit for pre-sentence time served in Texas as a result of the Indiana charge of failure to appear from the time of the "hold" to the time the Texas charges were dismissed. Such a conclusion is in keeping with Indiana case law broadly interpreting the Credit Time Statute.

Judgment affirmed, and the cause remanded for resentencing in accordance with this opinion.

SULLIVAN and SHIELDS, JJ., concur.

*E.g., Brown v. U.S.,* (1974 8th Cir.) 489 F.2d 1036; *Boyd v. U.S.,* (1971 5th Cir.) 448 F.2d 477, cert. denied, 405 U.S. 992, 92 S.Ct. 1264, 31 L.Ed.2d 460 (1972); *People v. Manifee,* (1982) 112 Mich.App. 705, 317 N.W.2d 232; *Face, supra; State v. Jones,* (1982) 184 N.J.Super. 626, 446 A.2d 1263; *State v. Allen,* (1978)

155 N.J.Super. 582, 383 A.2d 138; *State v. Ramzy,* (1982) 98 N.M. 436, 649 P.2d 504; *Nagler, supra* (credit for pre-sentence time served will be allowed only if the imprisonment is "substantially related" or "directly attributable" to the charge for which sentence is now imposed).