**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 31 2012, 8:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HUGH N. TAYLOR**
Hugh N. Taylor, P.C.
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY GENE GORE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 76A03-1110-CR-491 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STEUBEN CIRCUIT COURT
The Honorable Allen N. Wheat, Judge
Cause No. 76C01-1006-FA-543

**May 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Larry Gene Gore appeals his sentence following his conviction for sexual battery, as a Class D felony.  Gore raises a single issue for our review, namely, whether the trial court awarded him the correct amount of credit time.  We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 25, 2010, Michigan authorities arrested Gore on an outstanding warrant for crimes committed while in Michigan.  At the time, Indiana also had a warrant out for Gore's arrest for unrelated crimes committed in Indiana.  On December 13, 2010, following exoneration[1] on the Michigan charges, Michigan authorities extradited Gore to Indiana pursuant to our warrant.

Gore pleaded guilty to sexual battery, as a Class D felony, which the trial court accepted.  On September 12, 2011, the trial court held Gore's sentencing hearing.  There, Gore asserted that he was entitled to credit time for 444 days incarceration, based on his initial arrest in Michigan.  The trial court disagreed and, in sentencing Gore, awarded him 276 days of credit time for time served within Indiana.[2]  This appeal ensued.

## DISCUSSION AND DECISION

Gore contends on appeal that he is entitled to 444 days credit time for time served in Michigan.  "Because pre-sentence jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit."  Molden v.

---

[1] It is not clear from the appellate record whether Gore was acquitted by a fact-finder after a trial.

[2] There is no dispute that the State took custody of Gore on December 13, 2010, which is 272 days before he was sentenced.  It is also not disputed that the court entered the award of 276 days based on the State's own evidence.  Neither party suggests on appeal that the apparent error between the 272 days Gore was held in Indiana and the 276 days the court credited to him is grounds for a remand.

State, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001). However, as we have explained, "[o]ur case law is clear that a defendant is not entitled to credit for time served on wholly unrelated offenses." James v. State, 872 N.E.2d 669, 672 (Ind. Ct. App. 2007). The appellant bears the burden on appeal of demonstrating that the award of credit time was erroneous.

Here, the time Gore served in Michigan before he was extradited to Indiana on December 13, 2010, was on wholly unrelated charges in Michigan. While Gore was served with the Indiana warrant upon his arrest in Michigan, he was not extradited to Indiana until he had been exonerated of the Michigan allegations. And Gore's assertion to the trial court and this court that he was arrested in Michigan solely based on the Indiana warrant, and then by happenstance tried on outstanding Michigan charges, is not persuasive. Gore has not demonstrated that he was imprisoned in Michigan solely as a result of the Indiana criminal charges. See Nutt v. State, 451 N.E.2d 342, 345 (Ind. Ct. App. 1983). Accordingly, Gore has not met his burden of showing that the trial court's award of 276 days credit time is erroneous.

Affirmed.

RILEY, J., concurs.

DARDEN, J., dissents with separate opinion.

3

# IN THE
# COURT OF APPEALS OF INDIANA

LARRY GENE GORE, )
)
    Appellant-Defendant, )
)
      vs. ) No. 76A03-1110-CR-491
)
STATE OF INDIANA, )
)
    Appellee-Plaintiff. )

**DARDEN, Judge, dissenting**

I respectfully dissent. Generally, "'[a] defendant who is awaiting trials on different crimes during the same period of time and who is convicted and sentenced separately on each should have full credit applied on each sentence.'" *Brown v. State*, 907 N.E.2d 591, 595 (Ind. Ct. App. 2009) (quoting *Dolan v. State*, 420 N.E.2d 1364, 1372 (Ind. Ct. App. 1981)). The credit for time served prior to sentencing "will be the number of days the defendant spent in confinement from the date of arrest for the offense to the date of sentencing for that same offense." *Dolan*, 420 N.E.2d at 1373 (emphasis added). This is true even if the defendant is serving time in a foreign jurisdiction pending extradition. *See Nutt v. State*, 451 N.E.2d 342, 345 (Ind. Ct. App. 1983).

4

For credit time purposes, a defendant is considered under "arrest" when Indiana authorities place a "hold" on the defendant while the defendant is being held in another jurisdiction. *See Nutt*, 451 N.E.2d at 346. Accordingly, I believe Gore is entitled to credit for pre-sentence time, if any, served in Michigan from the time Indiana issued a "hold" to the date the trial court sentenced Gore on the Indiana-based charges.[3] I therefore would reverse and remand for a further hearing on the credit time due Gore.

---

[3] I agree that Gore should not receive any credit time for time served in Michigan only on the Michigan charges and during such time, if any, Indiana did not place a hold on him. Allowing credit for such time certainly would be giving Gore credit for time served on "wholly unrelated offenses." *See Dolan*, 420 N.E.2d at 1373.